UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        2:10-cr-127-FtM-29DNF

DONALD A. HILL
_____

### OPINION AND ORDER

On May 2, 2011, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #40) to the Court recommending that Defendant's Motion to Suppress (Doc. #22) be granted.  The Government's Objections (Doc. #43) were filed on May 16, 2011, to which defendant filed a Response (Doc. #45) on May 20, 2011.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific

objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).   The district judge reviews legal conclusions *de novo*, even in the absence of an objection.   <u>See Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness.   <u>Powell</u>, 628 F.3d at 1256-58.

## II.

After reviewing the Report and Recommendation, the transcript of the evidentiary hearing and exhibits, and the papers submitted by the parties, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge.

The screened-in lanai area in the back of the house was either a part of the house itself or included in the curtilage of the house, and in either case was within the protections provided by the Fourth Amendment.   Despite these protections, however, a law enforcement officer in carrying out his or her duties is free to go where the public would be expected to go without violating the Fourth Amendment.   <u>Coffin v. Brandau</u>, ___ F.3d ___, 2011 WL 2162997 (11th Cir. June 3, 2011)(citations omitted).   This includes knocking on the front door, <u>Kentucky v. King</u>, 131 S. Ct. 1849, 1862 (2011), and in some circumstances a back door.   (<u>See</u> Report and Recommendation, Doc. #40, p. 18)(citing cases).   Nothing in this

case indicates that the public would be expected to go to the lanai at the rear of the house.  Therefore, since none of the exigent circumstances recognized by the Supreme Court, King, 131 S. Ct. at 1856-57, were present, the officer's initial entry into the lanai was unlawful.  The Court adopts this portion of the Report and Recommendation and overrules the government's objection.

The Court also concurs in the magistrate judge's finding that the deputy did not act improperly in taking defendant into custody pursuant to the Baker Act.  This led to the second entry into the residence, pursuant to defendant's consent to have the officer obtain some clothing for him.  The only issue is whether the scope of that consent was exceeded.  More specifically, the issue is whether the government established that Deputy Waid's observation of child pornography on the computer was a plain view observation or whether he or another deputy did something intentionally which caused the computer to cease its sleep mode and display the images.  The magistrate judge found it "highly unlikely" that the computer screen came on in plain view without some intentional conduct by an officer.  (Doc. #40, p. 22.)  After reviewing the evidence *de novo*, the Court agrees.  The government has failed to establish by a preponderance of evidence that the officer(s) did not do something intentionally which triggered the computer to switch from sleep mode to display the images.  Therefore, there was a "search" within the meaning of the Fourth Amendment, Arizona v. Hicks, 480 U.S.

321, 324-25 (1987), which exceeded the scope of the consent.  The plain view exception does not apply, the search was not otherwise reasonable, and the observation of the images and subsequent seizure of evidence must be suppressed.  The Court adopts this portion of the Report and Recommendation and overrules the government's objection.

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. #40) is **adopted,** and is specifically incorporated into this Opinion and Order.

2.   Defendant's Motion to Suppress (Doc. #22) is **GRANTED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of June, 2011.

_____

JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
DCCD